No. 20,606.

WILLIAM R. MELLER, ET AL., D/B/A E & E BONDING COMPANY, *v.* THE MUNICIPAL COURT OF THE CITY AND COUNTY OF DENVER, ET AL.

(380 P. [2d] 668)

Decided April 15, 1963.

Mr. KENNETH A. SELBY, for plaintiffs in error.

Mr. ROBERT S. WHAM, City Attorney, Mr. JAMES H. SNYDER, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE parties are here in the order of their appearance in the trial court, where plaintiffs in error were petitioners and defendants in error were respondents. Reference will be made to the parties as they appeared in the trial court, or by name.

The petitioner, William R. Meller, is charged in the municipal court of the City and County of Denver, acting as a justice of the peace court, with issuing short checks in violation of state law. Petitioners Richardo L. Cochran and Charles A. Bristle are sureties on the bond furnished in said court by petitioner Meller.

Petitioners filed their action in the district court of the City and County of Denver under Rule 106, R.C.P. Colo., contending that the municipal court and the judge thereof were without authority to hear the criminal proceeding on the ground that the Constitution of Colorado requires that municipal judges of the City and County of Denver, acting as justices of the peace, be elected rather than appointed to the office. Citation was issued and issue joined by respondents' answer. Upon trial to the court the petition was dismissed and the rule to show cause discharged. The court dispensed with a motion for new trial.

As grounds for reversal petitioners argue that Article XIV, Section 11, of the state constitution requires that:

"There shall be elected at the same time at which members of the general assembly are elected, beginning with the year nineteen hundred and four, two justices of the peace and two constables in each precinct in each county, * * * ." and that the manner of appointment of judges of the municipal court of the City and County of Denver, as authorized by its charter, violates this section of the constitution.

The trial court held that the section of the constitution referred to had been amended by Article XX, Section 2 thereof, and that the duties performed by justices of the peace in counties outside the City and County of Denver could lawfully be performed by officers selected in the manner provided by Article XIII of the city charter. Article XX, Section 2, in pertinent part reads as follows:

"The officers of the city and county of Denver shall be such as by appointment or election may be provided for by the charter; and the jurisdiction, term of office, duties and qualifications of all such officers shall be such as in the charter may be provided; but the charter shall designate the officers who shall, respectively, perform the acts and duties required of county officers to

be done by the constitution or by the general law, as far as applicable. * * * "

■ By this provision power was delegated to the people of the City and County of Denver to determine their officers and the method of their selection, qualifications, and tenure of office; and to designate those officers who shall perform the acts and duties required of county officers by the constitution and statutory law. See *City and County of Denver v. Rinker,* 148 Colo. 441, 366 P. (2d) 548; *Thrush v. People,* 53 Colo. 544, 548, 127 Pac. 937; *Reed v. Blakley,* 115 Colo. 559, 564, 176 P. (2d) 681; *Dixon v. People,* 53 Colo. 527, 127 Pac. 930; *The People ex rel. Attorney General v. Cassiday,* 50 Colo. 503, 117 Pac. 357.

[2] All county officers and county offices as such were abolished in the City and County of Denver, subject only to the provision that statutory and constitutional requirements be performed by designated officers. The office of justice of the peace is a county office under Article XIV, Sec. 6, of the constitution. *Thrush v. People,* supra. Thus under Article XX Denver is authorized to designate the officer to perform the acts and duties of a justice of the peace in the City and County of Denver.

■ The Denver charter, pursuant to authority vested in the people of Denver under Article XX of the constitution, designates the municipal judges as the officers to perform the acts and duties of justices of the peace required by the constitution and statutes. By the same authority the charter provides for the appointment of such officers by the mayor.

The trial court properly discharged the rule, and the judgment accordingly is affirmed.