No. 22337.

Enoch M. Blackman and S. M. Blackman, d/b/a Squire Market *v*. The County Court in and for the City and County of Denver, and George A. Manerbino, Judge.

(455 P.2d 885)

Decided June 23, 1969.

HACKETHAL & MCNEILL, WILLIAM W. MCNEILL, GEORGE C. AUCOIN, for plaintiffs in error.

MAX M. ZALL, JAMES H. SNYDER, for defendents in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

PLAINTIFFS in error will herein be referred to as "plaintiffs," and defendants in error, collectively, as "County Court."

Plaintiffs were charged in the County Court with the violation of three sections of the Weights and Measures ordinance of the city and county of Denver. Plaintiffs sought to terminate proceedings against them by filing an action in the district court under R.C.P. Colo. 106, seeking relief in the nature of prohibition. Plaintiffs alleged two grounds as the basis for the relief sought: first, the County Court which was created by Charter Amendment No. 1, by authority of Ordinance No. 324, Series of 1964 (hereinafter referred to as "Amendment No. 1"), and which vested in the County Court "original jurisdiction of all cases arising under the Charter or ordinances of the City and County of Denver," is unconstitutional in violation of article VI of the constitution of Colorado; and, second, that the Weights and Measures ordinance under which plaintiffs were charged is invalid and unconstitutional and deprives plaintiffs of due process of law.

The district court denied the relief sought and dismissed plaintiffs' complaint. From this judgment of dismissal, plaintiffs bring this writ of error. Plaintiffs urge the same arguments here as in the district court.

I.

We disagree with plaintiffs' first contention that Charter Amendment No. 1 is unconstitutional and that the attempt thereby to confer upon the County Court "original jurisdiction of all cases arising under the Charter or ordinances of the City and County of Denver" must therefore fail. Plaintiffs' argument, reduced to its essential propositions, is that the County Court of Denver, like other county courts throughout the state, is a constitutionally created *state court*, with only such jurisdiction as is permitted by § 17 of article VI of the con-

stitution and by the statutes enacted pursuant thereto; that nowhere in the constitution or in the statutes implementing the judicial article is there any provision conferring jurisdiction in cases arising under the municipal charters or ordinances of cities; and, therefore, the attempt by the people of Denver through Amendment No. 1 to confer upon the Denver County Court jurisdiction of cases arising under the Denver charter or ordinances, being without constitutional authority, must be held for naught.

█ Plaintiffs' argument overlooks the constitutional authority vested in home rule cities under § 6 of article XX of the constitution, which confers specific authority to create police and municipal courts and to define the jurisdiction thereof. Likewise, it overlooks amended article VI of the constitution, which was adopted by the people of the state of Colorado on November 6, 1962. Section 1 of article VI provides:

"Vestment of judicial power. — The judicial power of the state shall be vested in a supreme court, district courts, a probate court in the city and county of Denver, a juvenile court in the city and county of Denver, county courts, and such other courts or judicial officers with jurisdiction inferior to the supreme court, as the general assembly may, from time to time establish; *provided, however, that nothing herein contained shall be construed to restrict or diminish the powers of home rule cities and towns granted under article XX, section 6 of this constitution, to create municipal and police courts.* * * *" (Emphasis added.)

Furthermore, § 18 of article VI provides:

"* * * Any county judge may serve * * * as a municipal judge or police magistrate as provided by law, *or in the case of home rule cities as provided by charter or ordinance.*" (Emphasis added.)

It is significant that both the amended judicial article and Charter Amendment No. 1 became effective on the same date, January 12, 1965, thus indicating an intention

to coordinate the relationship and function of the Denver municipal court system with the state county court system authorized by the 1962 judicial amendment. We note that by the 1962 amendment the justice of the peace courts were eliminated from the Colorado judicial system and the jurisdiction theretofore vested in such courts was transferred to the county courts. By reason of this constitutional change, it became necessary for Denver to amend its charter in order to revise its municipal court system to conform with the court plan implicit in the 1962 judicial amendment. This plan envisioned that the county court judges could serve not only as judges of the county court but also as judges of municipal and police courts. Colo. Const., art. VI, § 18.

Plaintiffs have misconceived the function of the County Court and the judge thereof when acting pursuant to amended article VI and when acting pursuant to article XX of the constitution. In the first instance the court functions as a state court, and the judge as a state judge; whereas, in the latter case, the court functions as a municipal or police court, and the judge as a municipal or police judge. This concept of judges acting in a dual capacity is not new in our jurisprudence. The validity of municipal judges functioning in a dual capacity, exercising jurisdiction under a municipal charter and ordinances, and also under state laws as justices of the peace, was heretofore recognized in *Meller v. Municipal Court*, 152 Colo. 130, 380 P.2d 668. Pursuant to the express authority of § 2 of article XX, municipal judges were designated by charter and ordinance as the judicial officers to perform the acts and duties required by the constitution and the general laws to be performed by justices of the peace. So, here also, express authorization exists for county judges to exercise not only state jurisdiction but also municipal jurisdiction, if provided by charter and ordinance. Colo. Const. art. VI, § 18. This being so, plaintiffs' contention that the Denver County Court in the present circumstances was without juris-

diction to try them on charges of violating the Weights and Measures ordinance is untenable.

## II.

We now turn to plaintiffs' second ground for prohibiting the County Court from proceeding further against them — that the Weights and Measures ordinance of the city and county of Denver is invalid, unconstitutional and deprives plaintiffs of due process of law.

Plaintiffs' contention is that regulation of weights and measures is a matter of statewide concern which has been pre-empted by the state of Colorado by statute enacted in 1953. C.R.S. 1963, 152-1-1 (herein after referred to as Weights and Measures statute). In 1877 the first general assembly expressly granted the power to cities and towns "[to] provide for the inspection and sealing of weights and measures" and "[to] enforce the keeping and use of proper weights and measures by vendors." C.R.S. 1963, 139-32-1, (70) and (71). Pursuant to this grant of power, Denver adopted the Weights and Measures ordinance with which we are here concerned. The question posed for our determination is whether the Weights and Measures statute enacted in 1953 repealed, either expressly or by implication, the 1877 grant of powers to cities and towns concerning weights and measures, thus rendering ineffective Denver's Weights and Measures ordinance.

■ The Weights and Measures statute expressly repealed "all acts or parts of acts in conflict herewith." We do not perceive any conflict between the 1877 grant of powers to cities and towns with the Weights and Measures statute. On the contrary, we find that the general assembly, in enacting the Weights and Measures statute, expressly recognized that cities and towns may have established and maintained weights and measures divisions pursuant to the statutory consent of 1877. For example, § 13 of the statute provides that whenever a city maintains a weights and measures division and inspectors, it may enter into a cooperative agreement by

which city officials may render the services provided by the statute within the city. Reference to the city administration of weights and measures is made in §§ 7, 8, 9, 13, 14, 15 and 16 of the statute which permits the commissioner of agriculture, who is charged with the administration of the statute, the authority to delegate the administrative functions within the cities to city officials. We find no suggestion in the statute which would derogate from the 1877 grant of power to cities and towns.

■ There can be no doubt that the regulation of standard weights and measures and the enforcement of penalties for violation of such regulations is a matter of concern wherever commerce is carried on, without regard to local governmental boundaries. Such is of statewide concern, but more so of local concern in population centers where commercial activities are concentrated. Just as public health is a matter of both statewide and local concern, and may be regulated on a statewide basis and at the same time on a local basis, absent conflicting regulations (*People ex rel. Hershey v. McNichols*, 91 Colo. 141, 13 P.2d 266), so is the regulation of weights and measures to prevent misrepresentations and frauds in commercial transactions between vendor and vendee, and such may be regulated under the police power at the state level and concurrently at the municipal level, providing there are no conflicting regulatory provisions.

As stated in *Woolverton v. Denver*, 146 Colo. 247, 361 P.2d 982:

"If an ordinance and a statute which do not conflict can coexist, it would follow that a city, acting with the express consent of the state, can legislate on a subject within the legitimate sphere of both its interest and that of the state. * * *"

■■ Having found no conflict between the 1877 grant of power to cities and towns and the 1953 Weights and Measures statute, we examine the Weights and Measures ordinance under attack. Plaintiffs contend the "or-

dinance conflicts with or is deficient in many respects when compared to the statute." Yet plaintiffs do not spell out such conflicts or deficiencies, nor do they demonstrate in what manner the alleged conflicts or deficiencies impair the administration of the statute or, contrariwise, the administration of the ordinance. It is not required that the regulations of the ordinance be co-extensive or identical with those enjoined by the statute. Here, the statute by its terms is broader in scope than the ordinance, and imposes special regulations concerning fish, coal, charcoal, textile products, berries and small fruits, minerals, brick, stone, water and meal, none of which are specifically covered by the ordinance. We do not infer that the broader scope of the statute renders it inconsistent with or in conflict with the ordinance. We have found no inconsistent regulatory provisions in the statute and ordinance, and none have been demonstrated by plaintiffs. If two legislative acts are consistent, they can exist side by side. *Woolverton v. Denver, supra.*

■ We hold that the Denver Weights and Measures ordinance is a valid exercise of legislative power granted to it by the state, in a legitimate area of local concern, and that such ordinance has not been rendered ineffective, null and void by the 1953 enactment of the Weights and Measures statute.

Accordingly, the County Court, having jurisdiction, may proceed to try the question of whether plaintiffs were guilty of violating provisions of the Weights and Measures ordinance.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.