501 P.2d 142 (1972)
Wallace McCAMANT, Plaintiff-Appellant,
v.
The CITY AND COUNTY OF DENVER, a Municipal corporation, et al., Defendants-Appellees.
No. 71-386.
Colorado Court of Appeals, Div. II.
September 6, 1972.
Peter H. Ney, Englewood, Lawrence A. Wright, Jr., Maxwell A. Snead, Jr., Denver, for plaintiff-appellant.
Max P. Zall, City Atty., Brian H. Goral, Thomas A. Gilliam, Asst. City Attys., Denver, for defendants-appellees.
Selected for Official Publication.
DWYER, Judge.
Plaintiff-appellant, Wallace McCamant, was formerly a judge of the County Court of the City and County of Denver. He served as a judge of that court from the time of his appointment until December 15, 1970, when his term expired and his position became vacant. On December 16, 1970, the Mayor of the City and County of Denver appointed Gregory Mueller to fill the vacancy. The Mayor appointed Mueller from a list of three nominees presented *143 to him by the Denver County Court Judicial Commission. The Mayor, in making the appointment, and the Commission, in presenting the nominees, acted under the authority conferred by section A13.8, et seq., of the Charter of the City and County of Denver.
When he was not reappointed, McCamant, on December 23, 1970, filed his complaint for injunctive relief. In his complaint, he recited the foregoing facts and alleged that section A13.8, et seq., of the Charter of the City and County of Denver is unconstitutional. Also, he contended that in the proceedings before the Commission he was denied his constitutionally protected rights to due process. He further alleged that all actions taken by the Commission and the Mayor's subsequent appointment of Mueller were null and void. McCamant named the City and County of Denver and its Mayor, the Denver County Court Judicial Commission and its members, and Gregory Mueller as defendants.
On May 11, 1971, the court dismissed the complaint on the grounds that it failed to state a claim against the defendants upon which relief could be granted and entered judgment in favor of all defendants. McCamant has appealed. We affirm the judgment.
The Constitution of the State of Colorado, Art. VI, Sec. 26, provides that:
"The number, manner of selection, qualifications, term of office, tenure, and removal of [Denver County Court Judges] shall be as provided in the charter and ordinances of the City and County of Denver."
The validity of Colo.Const. Art. VI, Sec. 26, has been upheld by our Supreme Court. Francis v. County Court, Colo., 487 P.2d 375. See also Austin v. Denver, 170 Colo. 448, 462 P.2d 600; and Blackman v. County Court, 169 Colo. 345, 455 P.2d 885. Pursuant to this constitutional authority, the electors of the City and County of Denver adopted an amendment to the Charter, section A13.8, which amendment created the judicial commission and provides for the selection of judges of the Denver County Court.
McCamant contends that the charter provision, section A13.8, et seq., is unconstitutional because such provision violates the separation of powers requirement of Article III of the Constitution of the State of Colorado. The charter provision authorizes the Commission and the Mayor to replace an incumbent judge when the incumbent's term expires. McCamant contends that the power so conferred upon the Commission and the Mayor impermissibly infringes upon the independence of the judiciary. The Court of Appeals has no jurisdiction to decide this issue. 1969 Perm. Supp., C.R.S.1963, 37-21-2(1) (c).
McCamant contends that the Commission denied him due process of law by failing to afford him a hearing in connection with his application for reappointment. Section A13.8 of the Charter provides that judges of the county court shall be appointed for a term of four years. Upon the expiration of this term, the position becomes vacant. There is no provision in the charter which confers any right of tenure or any preferential right to reappointment upon any county court judge. All of McCamant's rights as a judge terminated upon the expiration of his term. His desire or expectation for reappointment is not a legally protected interest which would entitle him to a hearing. It is generally held that a governmental employee serving without tenure has no constitutional right to a hearing in connection with his request for reappointment on the expiration of the term for which he was employed. See Orr v. Trinter, 6 Cir., 444 F.2d 128; and Jones v. Hopper, 10 Cir., 410 F.2d 1323.
McCamant further contends that the proceedings before the Commission, which *144 resulted in the selection of the three nominees submitted to the Mayor and the subsequent appointment of Mueller, are null and void. In support of this contention, McCamant cites C.R.S.1963, 3-19-1(1), which provides in part:
"All meetings of any board, commission, committee, or authority of this state or political subdivision of the state, created by law, and supported by law in its activities in whole or in part with public funds, are declared to be public meetings and open to the public at all times . ."
The issue which McCamant attempts to raise cannot be properly considered in the present action. When McCamant filed his complaint, Mueller had already been appointed and was serving as a judge of the Denver County Court. The right of Mueller to hold this office is, of course, dependent upon the validity of the proceedings by which he was appointed, but such right cannot be determined in this injunctive proceeding. Irrespective of the constitutional question, the exclusive means of determining whether a person unlawfully holds any office is by a writ in the nature of quo warranto. C.R.C.P. 106(a)(3). See Kepley v. People ex rel. Everson, 76 Colo. 233, 230 P. 804. There is no allegation in the complaint that the district attorney has declined to institute an action under C.R.C.P. 106(a)(3). In the absence of such an allegation, a private citizen cannot maintain such an action. Nothing in the complaint discloses that McCamant has any special interest separate and apart from that held by the general public. McCamant's complaint fails to allege the violation of any of his rights which the law recognizes and for which a remedy is provided.
The complaint was properly dismissed.
Judgment affirmed.
ENOCH and PIERCE, JJ. concur.