**Cynthia B. MONDELL**

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE, etc., et al.**

**Civ. No. 71–977–K.**

United States District Court, D. Maryland.

March 20, 1973.

Harold Buchman, Baltimore, Md., for plaintiff.

George L. Russell, Jr., City Sol., William Hughes, Asst. City Sol., Baltimore, Md., for defendants.

FRANK A. KAUFMAN, District Judge:

Plaintiff, Cynthia B. Mondell, has sued the Mayor, members of the City Council of Baltimore, members of the Civil Service Commission and its Personnel Director, in their official capacities, and Larry Reich, Director, Department of Planning of Baltimore City, individually and in his official capacity, under 42 U.S.C. § 1983, seeking an evidentiary hearing before the Civil Service Commission, reinstatement to her former employment as an illustrator in the Planning Department of the City of Baltimore with back pay, and damages against Larry Reich in his individual

capacity.[1] Plaintiff's claims for reinstatement, back pay and damages against Reich are founded upon allegations that she was discharged for exercising her First Amendment rights. Those latter claims are independent of plaintiff's contention that her discharge was in violation of constitutional procedural due process. Perry v. Sindermann, 408 U.S. 593, 597–598, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

Plaintiff has moved for summary judgment on the issue of whether she was constitutionally entitled to a hearing before her discharge. In so doing plaintiff has stated that if this Court orders an evidentiary hearing before the Civil Service Commission on issues related to her discharge, plaintiff will have no objection to this Court's staying the determination of any further relief, that is, reinstatement, back pay and damages, which plaintiff seeks on the basis of her First Amendment contentions, until after the Commission hearing, provided, however, that this Court retains jurisdiction over the within suit, pending any action the Civil Service Commission may take, so that plaintiff may apply for further relief following the conclusion of the Commission's hearing.

▮ Plaintiff, after working in the Department of Planning of the City of Baltimore as an illustrator from March, 1970, taking the Civil Service examination for that position in May, 1970, passing that exam, finishing first among those who took it, being notified of that fact on May 26, 1970, being continued in her employment by the Department of Planning as an illustrator, taking in November, 1970 a Civil Service examination for the more important position of Senior Public Information Assistant in the Department of Planning, passing that examination, being notified thereof thereafter, and being continued in her employment until discharged on January 15, 1971, is without doubt a person who had "a clearly implied promise of continued employment." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); Connell v. Higginbotham, 403 U.S. 207, 208, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971). Neither tenure nor status nor a written contract of employment is required in order to entitle a person such as Mondell to a hearing before discharge. Perry v. Sindermann, *supra* 408 U.S. at 596, 92 S.Ct. 2694. Mondell thus was constitutionally entitled to an evidentiary hearing before her discharge as an illustrator in the Planning Department.[2]

In *Roth* and *Sindermann*, plaintiffs sought (a) a hearing and (b) reinstatement and back pay to date of alleged discharge for unconstitutional reasons.

1. Plaintiff's contention that she is entitled to a hearing before the Civil Service Commission is based upon allegations that she was denied property without due process when she was discharged as an illustrator in the Planning Department of the City of Baltimore without a hearing.

2. Under Section 116 of the Baltimore City Charter, when a vacancy occurs in the Classified Civil Service the appointing officer provisionally fills such position by appointment of one of the persons certified to him by the Commission. The person so appointed is on probation for six months during which time the appointing officer may remove the probationer at his discretion. Under Section 118 of the Baltimore City Charter, a Civil Service employee may be discharged for "cause", but in cases of discharge the appointing officer is required to furnish the person so discharged, and also the Civil Service Commission, with a copy of the order of discharge and his reasons therefor. The Commission is required to investigate the discharges of all employees, who have completed their six-month probationary period, if the discharged employee so requests in writing. The parties have stipulated that the normal procedure is for the Civil Service Commission to certify within 24 hours after a Commission examination the list of successful candidates to the appropriate agency. Mondell seemingly was entitled to the protections of Section 118 after having worked for six months, but whether she was so entitled or not would not change this Court's conclusion that she had an expectation of continued employment under the facts of this case.

In *Roth,* the federal District Court, 310 F.Supp. 972, 983 (W.D.Wisc.1970), ordered that a written statement of reasons for discharge be given to plaintiff prior to an administrative hearing and also ordered that such a hearing be held, and stayed further proceedings in that Court on what appeared to be the only remaining issues, *i. e.,* reinstatement and back pay. The Seventh Circuit affirmed, 446 F.2d 806 (7th Cir. 1971), noting the "prophylactic" effect of the District Court's decision upon "non-retention decisions improperly motivated by exercise of protected rights" (at 810).

In *Sindermann,* the Fifth Circuit, 430 F.2d 939, 944–945 (5th Cir. 1970), wrote:

School-constituted review bodies are the most appropriate forums for initially determining issues of this type, both for the convenience of the parties and in order to bring academic expertise to bear in resolving the nice issues of administrative discipline, teacher competence and school policy, which so frequently must be balanced in reaching a proper determination.

Dissenting in *Roth,* 408 U.S. at 586–587, 92 S.Ct. at 2714, Mr. Justice Douglas quoted those words of the Fifth Circuit and stated:

That is a permissible course for District Courts to take, though it does not relieve them of the final determination whether nonrenewal of the teacher's contract was in retaliation of the exercise of First Amendment rights or a denial of due process.

In the majority opinion in *Roth,* at 569, 92 S.Ct. at 2705, Mr. Justice Stewart wrote:

The District Court granted summary judgment for the respondent on the procedural issue, ordering the University officials to provide him with reasons and a hearing. 310 F.Supp. 972. The Court of Appeals, with one judge dissenting, affirmed this partial summary judgment. 446 F.2d 806. We granted certiorari. 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed.2d 181. The only question presented to us at this stage in the case is whether the respondent had a constitutional right to a statement of reasons and a hearing on the University's decision not to rehire him for another year. We hold that he did not. [Footnote omitted.]

And (at 574–575, 92 S.Ct. at 2708):

To be sure, the respondent has alleged that the nonrenewal of his contract was based on his exercise of his right to freedom of speech. But this allegation is not now before us. The District Court stayed proceedings on this issue, and the respondent has yet to prove that the decision not to rehire him was, in fact, based on his free speech activities. [Footnote omitted.]

Nowhere in any opinion of any Court in *Roth* or in *Sindermann* is there any criticism or anything but approval of the actions of each of the District Courts in ordering an administrative hearing and staying its decision on the issues of reinstatement and back pay.

In the case at bar, abstaining from deciding Mondell's claims for reinstatement, back pay and damages against defendant Reich in his individual capacity, until she receives an evidentiary hearing before the Civil Service Commission is especially appropriate because plaintiff specifically has agreed to the same and defendants have made no objection to this Court's following such a procedure. Moreover, there is a substantial practical reason for this Court to postpone hearing Mondell's claims for reinstatement, back pay and damages until she has received her hearing before the Commission and has learned that body's decision. Although the issues of reinstatement and back pay will not necessarily be resolved by the Commission, the facts found by the Commission and the testimony adduced before it may well be relevant and material in this case if this Court subsequently is required to decide Mondell's First Amendment claims seeking reinstatement, back

pay and damages. *Cf.* Ricci v. Chicago Mercantile Exchange, 409 U.S. 363, 93 S.Ct. 573, 34 L.Ed.2d 525, 535–536 (January 9, 1973). For this Court to proceed to an immediate determination of those issues before the Commission holds its evidentiary hearing and hands down its opinion would, as one District Judge has stated in an analogous situation, "be putting the cart before the horse".[3]

Postponing the hearing of plaintiff's claims for reinstatement, back pay and damages, even if such postponement was not with the specific agreement of the plaintiff and without objection by the defendant, is not contrary to the general rule that Section 1983 actions in federal court do not require exhaustion of state remedies. In his dissenting opinion in Board of Regents v. Roth, *supra* 408 U. S. at 586 n. 2, 92 S.Ct. at 2701, 2714, Mr. Justice Douglas noted, regarding the District Court's decision to postpone the hearing of the plaintiff's 1983, First Amendment claims pending the completion of a constitutionally mandated state administrative hearing on the reasons for plaintiff's discharge:

Such a procedure would not be contrary to the well-settled rule that § 1983 actions do not require exhaustion of other remedies. See, *e. g.*, Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). One of the allegations in the complaint was that respondent was denied any effective state remedy, and the District Court's staying its hand thus furthered rather than thwarted the purposes of § 1983.

For the reasons set forth herein, this Court concludes that Mondell is constitutionally entitled to an evidentiary hearing as to the reasons for her discharge and hereby orders the members of the Civil Service Commission to hold the same and thereafter to render their decision in connection with the same. This Court will retain jurisdiction in this case in the event any further proceedings are requested.

3. United A. A., & A. Imp. Wkrs, of Am. v. State Farm Ins. Co., 350 F.Supp. 522, 529 (N.D.Ill.1972). In that case, the District Judge, after extensively reviewing the case law on the issue, concluded that the following rule of abstention governs § 1983 suits brought in federal court (at 527):

* * * Where a plaintiff (1) is not challenging the constitutionality of a statute on its face, (2) can challenge the complained-of activity in a state proceeding on a basis different in nature than his basis in a federal court, and (3) has adequate administrative, not judicial, remedies available, he will be required to exhaust his state remedies before proceeding in a federal court.

Applying that rule to the facts of the case before him, the District Judge concluded that plaintiffs would be required

to exhaust their state administrative remedies under the Illinois Insurance Code before they could have heard and decided on the merits their § 1983 claims in federal court. For other cases concluding that in some limited circumstances exhaustion of state administrative remedies will be required before a federal court hears and determines on the merits § 1983 claims, *see* Metcalf v. Swank, 444 F.2d 1353 (7th Cir. 1971)* Eisen v. Eastman, 421 F.2d 560, 567–569 (2d Cir. 1969) (Friendly, J.), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970).

*, judgment vacated and case remanded, 406 U.S. 914, 92 S.Ct. 1778, 32 L.Ed.2d 113 (1972), for further consideration in the light of Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972);