541 P.2d 93 (1975)
Linda SILVERMAN, Plaintiff-Appellant,
v.
UNIVERSITY OF COLORADO et al., Defendants-Appellees.
No. 74-364.
Colorado Court of Appeals, Div. III.
July 22, 1975.
Rehearing Denied August 12, 1975.
Certiorari Granted October 20, 1975.
*95 Cohen & Cohen, Sara-Jane M. Cohen, Boulder, for plaintiff-appellant.
John P. Holloway, Richard A. Tharp, Boulder, for defendants-appellees.
Selected for Official Publication.
RULAND, Judge.
In an action to recover damages and for other relief, plaintiff, Linda Silverman, appeals from a judgment granting defendants' motion to dismiss all five claims of her complaint. We affirm in part and reverse in part.
The only issue for our determination is whether the allegations of the various claims assert a claim for relief. In reaching this determination, we are governed by two basic principles: (1) The material allegations of each claim must be taken as admitted, Cook v. Denver, 128 Colo. 578, 265 P.2d 700; Millard v. Smith, 30 Colo.App. 466, 495 P.2d 234; and (2) dismissal of a claim is proper only if plaintiff is entitled to no relief under any state of facts which may be proved in support of the allegations made. Nelson v. Nelson, 31 Colo.App. 63, 497 P.2d 1284.
We note at the outset that in conjunction with arguments on the motion to dismiss, both plaintiff and defendants relied on various provisions of the University of Colorado 1970 Faculty Handbook. That document has been included in the record on appeal and is referred to in the opinion. The Handbook was prepared for the convenience and information of the faculty. While the preface thereto indicates that the contents do not identify all "University practices or commitments," the document purports to include, inter alia, the "laws" of the Board of Regents apparently adopted as regulations pursuant to § 23-20-112, C.R.S.1973.
We discuss each claim separately, and in Part VI of the opinion we review the trial court's alternative basis for the order of dismissal, namely, that the relief requested by plaintiff in some of the claims could not be awarded as a matter of law.

I. Contract Claim
Insofar as relevant here, the first claim alleged that on August 28, 1972, pursuant to letter agreement signed by defendant Volsky as vice provost of the University, plaintiff was engaged as an assistant professor in the school of education for the academic year 1972-1973. In December 1972, defendant Olson, associate dean of the school of education, "acting in his official capacity as an agent" of the University and the Board of Regents, notified plaintiff in writing that she would be reappointed for the academic year 1973-1974 if: (1) The federal grant from which funds were obtained to pay plaintiff were renewed; and (2) evidence were presented of plaintiff's competence and a recommendation from her peers were obtained that she be rehired.
According to the first claim, both of the conditions were satisfied. However, on February 14, 1973, Volsky advised plaintiff *96 in writing that her contract would not be renewed. This letter stated that plaintiff's work had been "quite satisfactory" but the school of education preferred that the position "be opened to all interested candidates." Plaintiff alleged that the University thus breached its contract to reappoint her.
In dismissing the first claim, the trial court relied upon § 23-20-112, C.R.S.1973, which provides:
"The board of regents shall enact laws for the government of the university; appoint the requisite number of professors. . . and determine the salaries of such . . . ."
The trial court construed this statute as vesting exclusive authority in the Board to make faculty appointments, and concluded that absent an allegation by plaintiff of a contract directly with the Board, no contract for teaching services could legally exist. This ruling was erroneous.
Plaintiff specifically alleged that the second letter notifying her of reappointment subject to certain conditions was executed by Olson, acting as an agent of the Board. The statute does not prohibit the Board from appointing an agent to make a written offer of employment to a specific instructor. Defendants' reliance on Big Sandy School District No. 100-J v. Carroll, 164 Colo. 173, 433 P.2d 325, is in-apposite here. The statute at issue there made it the "duty" of a school board to hire teachers, thus prohibiting delegation of that authority. No similar "duty" requirement is included in the above-quoted statute.
Additionally, even assuming that Olson was acting beyond his proper authority, the allegations made would entitle plaintiff to prove that the offer of reappointment was ratified by the Board. Indeed, the letter appointing plaintiff to her initial position as assistant professor was signed by Volsky and there is no reference in the letter to authorization from the Board. It is logical to assume the Board ratified this action since plaintiff in fact served as an assistant professor pursuant to that letter. Under these circumstances, we conclude that plaintiff stated a claim for relief.

II. Estoppel Claim
As an alternative to the first claim for relief, plaintiff, in her second claim, incorporated all of the foregoing allegations except that the second letter established a contract for reappointment. Plaintiff then alleged that both before and after she commenced work under her employment contract, defendants Openshaw, dean of the school of education, Hodge, chairman of the division of educational specialists, Kalk, director of the special education program, and Olson, "acting in their respective official capacities as agents of the Defendant University and the Board of Regents," advised her that her position was secure for the coming academic year. According to plaintiff, she reasonably relied on these representations to her detriment in that she did not seek other employment. Hence, plaintiff alleges that the University and Board are estopped now to deny that she has a valid contract.
Relying on Orchard City Irrigation District v. Whitten, 146 Colo. 127, 361 P.2d 130, and Beery v. American Liberty Insurance Co., 150 Colo. 499, 375 P.2d 93, the trial court dismissed plaintiff's second claim on the basis that the doctrine of estoppel is not available against a governmental agency "acting in its public capacity." However, in those cases application of this rule of governmental immunity was predicated upon the fact that an estoppel would have required the governmental agency to violate the law. See Edwards v. Guthner, 106 Colo. 209, 103 P.2d 6; Van Cleave v. Board of County Commissioners, 33 Colo.App. 227, 518 P.2d 1371. In the case at hand, no basis is now present for concluding that reappointment of plaintiff for the 1973-1974 academic year would have violated any law. Hence, based upon the allegations of plaintiff's second claim, *97 the doctrine of estoppel may be invoked if necessary to prevent manifest injustice. See Crawford v. McLaughlin, 172 Colo. 366, 473 P.2d 725; Franks v. Aurora, 147 Colo. 25, 362 P.2d 561.
Defendants argue that since plaintiff was charged with notice through the Handbook of the Board's final authority as to her reappointment, she cannot claim reasonable reliance based on the assurances of the individual defendants named above. Assuming, without deciding, that plaintiff had knowledge of such authority, this argument ignores the allegation that these officials were acting as agents of the Board. This allegation would entitle plaintiff to prove, for example, that the Board either authorized or ratified the assurances made by these officials.
In summary, whether the circumstances here call for application of the doctrine of estoppel depends on the evidence adduced during a trial. Therefore, it was error for the trial court to dismiss the second claim.

III. First Procedural Due Process Claim
In the third claim for relief, which incorporated the allegations of the first and second claim, plaintiff further alleged that the Committee on Privilege and Tenure at the University conducted hearings pursuant to University procedures and based thereon entered findings that plaintiff's contractual rights had been violated. The committee recommended plaintiff's reappointment. Its findings and recommendations were forwarded to defendant Thieme, as president and chairman of the Board of Regents, who took no action thereon. By their failure to take any action whatsoever, plaintiff alleges that Thieme, the Board, and the University deprived plaintiff of her property without due process of law in violation of the United States and Colorado Constitutions.
The trial court dismissed the third claim for relief on the basis that plaintiff had failed to allege the existence of a property right or other interest sufficient to entitle her to due process protection and thus defendant Thieme's failure to take formal action in response to the committee's recommendation did not amount to a denial of due process.
As noted above, plaintiff incorporated in this claim her allegation that she had a valid contract with the University for reappointment. In addition to her claim for due process protection of rights accrued under the alleged contract for reappointment, plaintiff asserts that due process protection extends to her right to have Thieme present the committee's findings and recommendation to the Board. Defendants answer that since there is no requirement that the Board take action favorable to plaintiff on the committee's recommendation, there is no property interest involved which qualifies for due process protection. We disagree.
Procedural regulations validly adopted by a governmental agency relative to employment of its employees are binding upon it, even when the action it may take pursuant thereto as to continued employment is discretionary in nature. See Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; Shumate v. State Personnel Board, 34 Colo.App. 393, 528 P.2d 404; cf. United States v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681. Accordingly, plaintiff would be entitled to prove under the allegations made that the committee was authorized pursuant to rules approved by the Board to review her claim and enter findings and recommendations relative thereto which Thieme was obligated to present to the Board for consideration. The relief available for Thieme's failure to follow the regulations would depend upon the evidence adduced at trial, but we conclude that the allegations are sufficient to state a claim for relief.

IV. Second Procedural Due Process Claim
Plaintiff incorporated by reference the allegations of the first and second claims in her fourth claim for relief and thereby alleged that after she was advised by the *98 University that the teaching position at issue here would be "opened to all interested candidates," she reapplied for that position. Defendants Hodge and Kalk were plaintiff's supervisors and were charged with the responsibility of evaluating plaintiff's performance on the job for purposes of reappointment. Plaintiff alleges that Hodge and Kalk failed to evaluate plaintiff's performance in considering an application for reappointment and defendants Openshaw and Olson, as supervisors of Hodge and Kalk, failed to order Hodge and Kalk to evaluate plaintiff's performance or to evaluate her performance themselves. By failing and refusing to evaluate or to order evaluation of her performance, plaintiff alleges that these defendants and thus the University and the Board deprived plaintiff of her property without due process of law.
The trial court dismissed this claim on the basis that plaintiff had failed to allege the existence of a protectible interest or property right which necessitated formal evaluation by the named defendants, and thus the concept of procedural due process did not apply.
By incorporating the allegations of the first and second claims, an inconsistency readily appears in the fourth claim. If, according to the first claim plaintiff already had a contract for reappointment, or if, as alleged in the second claim, the defendants are estopped to deny that plaintiff has a contract, then the failure to evaluate her performance for reappointment is of no legal consequence.
Assuming that the intent of the fourth claim is to plead an alternative claim, then we agree with the trial court.
Tenure is a special standing achieved by an instructor which limits the circumstances pursuant to which a teacher can be discharged. According to the Handbook, the University has various procedures relating to acquisition of tenure. It is not disputed that plaintiff was not a tenured teacher. Without tenure and absent a statute, school regulation, or contract provision to the contrary, a teacher's contract is subject to termination at the end of the school year with or without cause. Draper v. School District No. 1, 175 Colo. 216, 486 P.2d 1048; Nagy v. Board of Education of School District No. 28J, 31 Colo.App. 45, 500 P.2d 987.
While the Handbook recites that the University will employ persons "solely on the basis of merit and fitness," plaintiff has not cited and we are unable to discover any authority for the proposition that a formal evaluation of a non-tenured instructor is required in conjunction with application for reappointment to a teaching position. In this posture, plaintiff's interest as a non-tenured teacher is insufficient to invoke the requirements of procedural due process. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Orr v. Trinter, 444 F.2d 128 (6th Cir.), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767; see also McCamant v. Denver, 31 Colo.App. 287, 501 P.2d 142.

V. Civil Rights Claims
In her fifth claim, plaintiff sought relief under the Federal Civil Rights Act, 42 U.S.C. § 1983. Section 1983 provides in pertinent part:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."
Congress has granted concurrent jurisdiction to the federal and state courts for violations of § 1983. See Luker v. Nelson, 341 F.Supp. 111 (N.D.Ill.); Dudley v. Bell, 50 Mich.App. 678, 213 N.W.2d 805. In order to state a claim for relief under § 1983, a plaintiff must allege: (1) That the conduct complained of was engaged under color of state law; and (2) that such conduct subjected the plaintiff to a deprivation *99 of rights, privileges, or immunities secured by the Federal Constitution and laws. Jones v. Hopper, 410 F.2d 1323 (10th Cir.).
The allegations of the fifth claim cover two separate transactions, and plaintiff asserts that she is entitled to relief for violations of her civil rights resulting from each.
The first violation stems from the alleged contract for reappointment. In this connection, plaintiff incorporated the allegations of the first four claims. Plaintiff then alleged that the individual defendants violated her right to due process by depriving plaintiff of her property interest in the contract with the University and in failing to take all steps necessary to insure reappointment. Plaintiff alleged that these defendants in so proceeding acted under color of regulations, custom, and usage of the State of Colorado and the University. Plaintiff finally alleged that since her termination, defendants Kalk, Hodge, Olson, and Openshaw maliciously and willfully attempted to obstruct plaintiff's efforts to obtain other employment within the "education community." The trial court dismissed this part of the fifth claim on the basis, again, that plaintiff had failed to allege a property right or interest which is protected under the due process concept. This was error. Plaintiff asserted the existence of a valid and enforceable contract, or a property interest based upon estoppel, and thus a sufficient property interest was alleged.
In support of the second violation, plaintiff alleged that the University funded a separate and permanent faculty position in the division of educational specialists which was made available by Hodge and Kalk only to persons who were members of a "minority racial or ethnic group." In addition to asserting a right to be appointed to her former position, plaintiff also applied for this position, and she alleged that she met all qualifications except that of racial or ethnic background. Plaintiff further alleged that the individual hired to fill this position was less qualified than she was and failed to meet the minimum requirements as stated in the job announcement. According to the concluding allegations of this claim, Crowe, Openshaw, Hodge, and Kalk acted under color of regulations, custom, and usage of the State of Colorado and the University in hiring a minority instructor, and thus deprived plaintiff of her property rights without due process of law.
As to this alleged due process violation, the court noted that plaintiff had challenged the action of the University in a separate proceeding before the Colorado Civil Rights Commission (Commission) pursuant to § 24-34-307, C.R.S.1973, and it concluded that the "substantive and factual issues presented" in this claim and in the administrative proceeding were identical. The court therefore reasoned that plaintiff should not be allowed to litigate the same issues simultaneously in two forums, and since plaintiff possessed a right of judicial review pursuant to § 24-34-308, C.R.S.1973, the court concluded that this portion of the claim should also be dismissed. Hence, in essence, the dismissal of this claim was predicated upon plaintiff's failure to exhaust her administrative remedies before the Commission.
Generally, Congress has evidenced its intent to provide "parallel or overlapping remedies" against discrimination. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147. Thus, exhaustion of state administrative or judicial remedies has not been required prior to proceeding in the federal court with a claim pursuant to § 1983. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622. The basis for not requiring exhaustion of state remedies has usually been that such would cause substantial delay, or the state agency does not have the authority to grant the relief requested, or, in some cases, *100 it has been demonstrated that the state agency was biased against the litigant's claim. See generally, Comment, Exhaustion of State Administrative Remedies in Section 1983 Cases, 41 U.Chi.L.Rev. 537.
Plaintiff asserts here that the two proceedings are not identical. The complaint before the Commission is against the University as a corporate entity and asserts a violation of state statute whereas the fifth claim for relief is asserted against the various named employees and officers of the University for violation of § 1983. In the proceeding before the Commission, plaintiff seeks the remedies of instatement in the position which she was barred from seeking based on the alleged action of the University to hire a minority instructor, and lost wages. In this action she seeks both compensatory and punitive damages, as well as attorney fees under § 1983.
While we agree with plaintiff that the proceedings are not identical and the relief which she seeks in the judicial proceeding exceeds that which may be awarded by the Commission, see § 24-34-307(12), C.R.S.1973, we also agree with the trial court that the evidence to be presented in support of and in opposition to each claim will be substantially the same. Also, the trial court will necessarily consider the award, if any, of the Commission in fashioning appropriate relief for any violation of § 1983. Under these circumstances and where, as here, plaintiff was not required to file a proceeding with the Commission but elected to do so, we conclude that dismissal of this claim was error, but that the trial court should have discretion, if it so determines, to defer proceedings on this portion of the fifth claim pending the determination of plaintiff's claim by the Commission. See Mondell v. Mayor & City Council of Baltimore, 356 F.Supp. 76 (D.Md.).
As an alternative basis for sustaining the trial court's dismissal of this portion of the fifth claim, defendants assert that the allegations cast plaintiff's injury as deprivation of a property right in contravention of due process whereas any such claim must rest on a denial of equal protection of the laws. However, the trial court has not ruled on this issue. Plaintiff was never required to elect before the trial court whether she would stand on the allegations made or amend to reallege the constitutional violation. Under these circumstances we deem it improper to rule on defendants' contention here.

VI. Form of Relief
Based on the allegations of the first and second claims, plaintiff requested damages, reinstatement to her former faculty position, attorney fees, costs, and "such other relief as the court finds proper." Similar relief was requested based on the allegations of the third claim, with the exception that in lieu of reinstatement, plaintiff asked the court to order the Board and Thieme to review the Committee's findings and recommendations. Pursuant to the allegations of the fifth claim, plaintiff requested actual and compensatory damages, attorney fees, costs, and such other relief as the trial court deemed proper.
The trial court determined that insofar as plaintiff alleged the right to reinstatement and recovery of attorney fees, the complaint must be dismissed as the court was not empowered to grant such relief. Dismissal on this basis was improper. Irrespective of the relief requested in the pleadings, C.R.C.P. 54(c) directs the court to award the relief to which a party is entitled. Absent an election by plaintiff to seek only the relief requested, as opposed to the relief to which the evidence may show she is entitled, a motion to dismiss may not be granted on these grounds. Berryman v. Berryman, 115 Colo. 281, 172 P.2d 446.
That part of the judgment dismissing plaintiff's fourth claim for relief is affirmed. The balance of the judgment is reversed and the cause remanded with *101 directions to reinstate the remaining claims and for further proceedings not inconsistent with the views herein expressed.
VanCISE and STERNBERG, JJ., concur.