Honorable Federico Pena Colorado House of Representatives Denver, Colorado 80203
Dear Representative Pena:
I am writing in response to your April 22, 1980 request for an attorney general's opinion on Senate bill 144 (1980 session). You have asked me to address the two questions set forth below.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Whether the Pena amendment to Senate bill 144, limiting the term of RTD directors, is within the Governor's call and within the title of the bill?
 My opinion is that the amendment is within call item 20, on the January 4, 1980, list, "Concerning Mass. Transportation," as is the bill itself. My opinion is that the bill title is "Concerning the Removal . . . by the Appointing Authority," and neither the Pena amendment nor the provisions on removal by election are within the bill title. Therefore I recommend that the bill title be amended to clearly express the subject of the bill.
2. Is the Pena amendment to Senate bill 144 unconstitutional or otherwise unlawful in that it requires certain RTD board members to leave the board before their natural term expires?
 My conclusion is "no." Absent any restraint imposed by the constitution, the legislature has complete jurisdiction to control, modify, or abolish a legislatively created office.
ANALYSIS
1. Senate bill 144 was extensively amended in both the senate and the house. Prior to the Pena amendment, the bill provided procedures for the removal of members of the Regional Transportation District Board by the various appointing authorities or alternatively by a special election. The amendment in question was added on second reading in the house. It would automatically end the term of any RTD board member who has served eight years, as of July 1, 1980. Further, on July 1, 1981, and each July 1 thereafter, the term of any RTD board member who has served two full terms would expire.
The first part of your question is whether the amendment is within the scope of the Governor's call. Both the bill and the amendment thereto are within call item 20, on the January 4, 1980 list, "Concerning Mass. Transportation." There is clearly a direct and rational nexus between matters affecting the governance of the Regional Transportation District and mass transportation. See, e.g., People v. Larkin,183 Colo. 363, 517 P.2d 389 (1973).
The next part of your question is whether the amendment meets the requirement that it come within the bill's title, "A Bill For An Act Concerning the Removal From Office Of Members Of The Board Of Directors Of The Regional Transportation District By The Appointing Authority." This requirement is set forth in article V, section 21, Colorado Constitution, which provides that no bill, except general appropriation bills, shall contain more than one subject, which must be clearly expressed in its title. You have not requested my opinion on the relationship of Senate bill 144 to article V, section 17 of the Colorado Constitution and that issue is not here addressed.
The relevant purpose of these constitutional requirements is both to prevent log-rolling and to provide full notice of the bill's contents to the public. See, e.g.,Catron v. Board of County Commissioners, 18 Colo. 553,33 P. 513, 33 P. 513 (1893); In Re Breene, 14 Colo. 401,24 P. 3 (1890).
It is apparent from the language of the amendment that it is designed to remove some members of the present RTD board. This purpose is evident in the expressed need for "new members who can provide a fresh perspective" and the stated purpose "to ensure that the board is modified."
However, the language of the title specifically refers to removal "by the appointing authority." The appointing authority is in actuality the boards of county commissioners of the Counties of Adams, Arapahoe, Jefferson, Boulder and Douglas, the Mayor of Denver, and the 19 members appointed thereby who themselves appoint two at-large members.
For an amendment to be within a bill's title, it must concern the one subject of the bill which subject must be clearly expressed in its title. Article V, section 21, Colorado Constitution.
The problem raised by your inquiry poses the following question concerning interpretation of the title of the bill: the general subject of the bill is either (1) "Concerning the removal" of RTD board members; or (2) "Concerning the removal . . . by the appointing authority". This is not the usual problem of ascertaining a general subject from a title with a lengthy multi-faceted title (see my opinion on H.B. 1244, 1980 Session). Here, the drafter of the title expressed a very direct and singular purpose — removal by the appointing authority. To draft a narrow title is within the prerogative of the general assembly, and should be given effect.
The standards most often applied in determining whether an amendment or a section is within a bill's title are whether the language is "clearly germane" to the subject in the title, see,e.g., In Re Breene, supra; and whether the title gives the public clear notice of its contents,see, e.g., People v. Friederich,67 Colo. 69, 185 P. 657 (1919).
Although our courts have generally encouraged broadly drafted titles, narrow titles have clearly been upheld. For example, the Colorado Supreme Court stated in In Re Breene,supra at 406.
 If the title of a bill be limited to a particular subdivision of a general subject, the right to embody in the bill matters pertaining to the remaining subdivisions of such subject is relinquished. To hold otherwise would be to disobey the constitutional mandate. . .
Also see Sullivan v. Siegal, 125 Colo. 544, 245 P.2d 860
(1952).
In my opinion the general subject expressed by this title is "Concerning the removal . . . by the appointing authority." The Pena amendment is not within the title because it provides for automatic removal by an early expiration date of the current term. No action by the appointing authority is required. Further, such a construction of the bill title also invalidates those provisions of Senate bill 144 which provide for the removal of an RTD board member by vote of the appropriate electorate. Clearly, the voters are not the appointing authority under C.R.S. 1973, 32-9-110 (Supp. 1979), and if enacted under this title, these provisions would be declared void.
Therefore, it is my opinion that the amendment is within the scope of the Governor's call. It is also my opinion that the subject expressed by the title is "Concerning the Removal . . . by the Appointing Authority," and neither the Pena amendment, nor the provisions permitting removal by a special election are within the bill title. However, this constitutional problem can be avoided if the legislature amends the bill title to reflect the contents of the bill as finally passed.
2. The power of the legislature to create an office by statute generally includes the power to alter the term of that office or to abolish that office, as an exercise of the broadest of legislative powers. Article V, Colorado Constitution. The legislative power of the state over statutorily created offices being absolute, except where it is restrained by the state constitution, the legislature may create or abolish offices, modify the officers' duties, or alter the term of office.Butler v. Pennsylvania, 10 How. 402, 13 L.Ed. 472
(1850). The Colorado Constitution has no such restraint. Moreover, the office of RTD board member is statutorily created, and not constitutionally created.
The alteration of the terms and conditions of a public office does not deprive the incumbent of a constitutional right, for an officeholder has no contractual or property right in the office.McCamant v. City and County of Denver,31 Colo. App. 287, 501 P.2d 142 (1972); Higginbotham v.Baton Rouge, 306 U.S. 535, (1939) reh.denied 307 U.S. 649; Fisk v. Police Jury ofJefferson, 116 U.S. 131 (1885). The officeholder, therefore must be said to accept the office, particularly an appointed office, with the understanding that he serves subject to any future statutory changes. This principle also applies to an impairment of contract claim. See, e.g., Newtonv. Mahoning County, 100 U.S. 548, 25 L.Ed. 710 (1880), in which the United States Supreme Court stated as follows:
 The legislative power of a State, except so far as restrained by its own Constitution, is at all times absolute with respect to all offices within its reach. It may at pleasure create or abolish them, or modify their duties. It may also lengthen or shorten the term of service . . . Butler v. Pennsylvania, 10 How. 402.
(25 L.Ed. at 711; emphasis added.)
One could raise the question of whether present RTD board members are denied equal protection by the provision which would immediately vacate the terms of those persons having already served 8 years, and would vacate the terms of the remaining members after they had served two terms or 8 years. I find that the bill establishes a rational basis for the two term limitation insofar as it is based upon the increased duties of the board, the need for expertise in duties of the board, the need for expertise in the initiation of a fixed rail system, and the desire for modification of the composition of the present board.
SUMMARY
It is therefore my opinion that the Pena amendment to Senate bill 144 is within the Governor's call. Neither the Pena amendment nor the provisions on removal by special elections are within the bill title. I recommend that the bill title be amended to clearly express the general subject of the bill. Further, I find that the legislation does not unconstitutionally impair any rights held by the present RTD board members.
I hope that this opinion sufficiently addresses your request.
Very truly yours,
 J.D. MacFARLANE Attorney General
LEGISLATIVE BILLS TRANSPORTATION, PUBLIC TERM OF OFFICE LEGISLATURE
Colo. Const. art. V, § 21
LEGISLATIVE BRANCH House of Representatives General Assembly
S.B. 144 (1980 Session) and the Pena amendment were within the Governor's call items, but the amendment was not within the bill title. The legislature could constitutionally require RTD board members to leave the board before their natural term expired because their offices are legislatively created.